947 F.2d 943
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Monem SIRAGY, Defendant-Appellant.
 No. 90-5369.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1991.
Decided Oct. 28, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Walter E. Hoffman, Senior District Judge. (CR-89-157-N)
 Sa'ad El-Amin, El-Amin & Crawford, Richmond, Va., for appellant; Robert W. Wiechering, Assistant United States Attorney, Norfolk, Va., for appellee.
 On Brief: Henry E. Hudson, United States Attorney, Oliver Lewis Norrell, III, Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, Circuit Judge, ROBERT J. STAKER, United States District Judge for the Southern District of West Virginia, sitting by designation, and FRANK A. KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Siragy, defendant-appellant, was convicted upon charges in six counts of submitting false loan applications to a number of banks, all of them federally insured financial institutions, in violation of 18 U.S.C. § 1014. In a seventh count, Siragy was charged with bank fraud in violation of 18 U.S.C. § 1344. After a jury trial, Siragy was found guilty on the first six counts and not guilty on the seventh count. He was sentenced to four terms of two years each, the said sentences to run consecutively, for a total of eight years, as to four of the first six counts. Those sentences were made subject to 18 U.S.C. § 4205(b)(2), pursuant to which the defendant is eligible for parole at such time as the Parole Commission designates. As to the other two counts upon which the defendant was convicted, the defendant was placed on probation for periods of five years, the said two periods to run concurrently and to commence upon release from confinement relating to the first four counts. In addition, the defendant was required, during the probationary periods, to pay to four of the banks, which had issued credit to him, restitution in the respective amounts of $15,509.15, $113,881.00, $125,957.11 and $20,423.19. Finally, the defendant was required to pay six $50 assessments under each of the six counts, totaling $300. Following the imposition of sentence, the defendant noted a timely appeal to this Court, contending that the evidence was not sufficient to permit the jury to find the defendant guilty of submitting false loan applications under any one of counts one through five, and complaining of the manner in which each and all of the first six counts were presented to the jury and of the use of certain deposition testimony at trial.
 
 I.
 
 2
 As to the claim of insufficiency of evidence, the government, in its role as prosecutor, presented more than sufficient evidence of the falsity of numerous statements by Siragy to enable the jury to find beyond a reasonable doubt that Siragy knowingly and intentionally made those statements, that those statements were false, and that those statements had the capacity to influence the determination of the banks in question to make the respective loans to Siragy. While a review of the record does lead one to wonder how the banks could have made certain of these loans--or perhaps any of them--the materiality of the statements and the fact that they were false and knowingly and intentionally made is supported by a great deal of evidence in this case.
 
 II.
 
 3
 With regard to the manner in which the issues involved were presented to the jury, the better practice, because of the possibility of a non-unanimous verdict when one charge encompasses multiple falsities, is for the trial judge to give an augmented unanimity instruction to the jury. See United States v. Ryan, 828 F.2d 1010, 1019-20 (3d Cir.1987); United States v. Mangieri, 694 F.2d 1270, 1279-81 (D.C.Cir.1982). However, in this case, there was no objection made by appellant's counsel concerning the proposed unanimity instruction. The jurors were sufficiently instructed concerning the need for their unanimity in deciding that Siragy knowingly and intentionally made specific, materially false statements.
 
 III.
 
 4
 Insofar as the deposition testimony of one absent witness is concerned, there was more than ample reason for the trial judge to determine that the witness was not medically able to appear for trial and to permit the deposition of that witness to be taken and used in the manner which was followed in this case.
 
 IV.
 
 5
 Accordingly, the judgment below is affirmed.
 
 
 6
 AFFIRMED.